IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAESHACK,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AVENAL STATE PRISON, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　／ | 1:06-cv-00011-AWI-GSA-PC<br><br>ORDER DENYING REQUESTS BY UNITED STATES MARSHAL FOR REIMBURSEMENT OF COSTS BY DEFENDANT WEED<br><br>(Docs. 43, 45, 47.) |

**I.    BACKGROUND**

Plaintiff, Robert Maeshack ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on December 22, 2005.  (Doc. 1.)  On March 16, 2007, Plaintiff filed an amended complaint.  (Doc. 17.)  On January 13, 2009, the Court issued an order for this action to proceed on Plaintiff's amended complaint against defendants Harbinson, McIntyre, Weed, and Sweetland.  (Doc. 25.)  On January 13, 2009, the court ordered the United States Marshal ("Marshal") to serve process upon the defendants in this action.  (Doc. 26.)  On May 28, 2009, the Marshal filed a USM-285 form indicating that on May 5, 2009, personal service was executed upon defendant Weed ("Defendant").  (Doc. 44.)

On May 5, 2009, June 12, 2009, and June 17, 2009, the Marshal filed requests for a court order requiring Defendant to reimburse the costs incurred by the Marshal for personal service, pursuant to Rule

4(d)(2) of the Federal Rules of Civil Procedure. (Docs. 43, 45, 47.) On June 25, 2009, Defendant filed objections to the Marshal's requests. (Doc. 50.)

**II.     DISCUSSION**

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides in part:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

The Marshal requests the court to impose costs on defendant Weed for his failure to avoid unnecessary costs. On May 28, 2009, the Marshal filed a USM-285 form indicating that a waiver of service form was mailed to Defendant on February 5, 2009, and no response was received. (Doc. 44.) Personal service was executed on Defendant on May 5, 2009, with costs of $122.10. Id.

Defendant Weed maintains that the Marshal's requests for costs are unwarranted because there was no need for the Marshal to effect personal service upon Defendant Weed. Defendant Weed appeared in this action on April 28, 2009 by filing a motion to dismiss pursuant to Rule 12(b)(6) . (Doc. 36.) Defendant argues that because of this voluntary appearance on April 28, 2009, there was no need for the Marshal to effect personal service on Defendant Weed on May 5, 2009.

The court agrees that the Marshal's requests for costs are unwarranted. The court's order of January 13, 2009, which directed the Marshal to serve process in this action, provided that, "In the event that defendants make an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshal Service need not personally serve those defendants."[1] (Doc. 28 at 2 ¶6.) Therefore, the Marshal did not need to personally serve defendant Weed.

///

///

---

[1] The court's electronic docket, which is accessible to the Marshal, shows whether a defendant has made an appearance in an action.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Marshal's requests for reimbursement for costs of personal service upon defendant Weed, filed on May 5, 2009, June 12, 2009, and June 17, 2009 are DENIED; and

2. The Clerk is DIRECTED to serve a copy of this order on the United States Marshal, Sacramento, California.


IT IS SO ORDERED.

Dated:   **December 14, 2009**          /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE