# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAESHACK, | 1:06-cv-00011-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT |
| v. | WEED'S MOTION TO DISMISS BE GRANTED, WITH PREJUDICE, FOR |
| AVENAL STATE PRISON, et al., | FAILURE TO STATE A CLAIM, BASED ON THE DOCTRINE OF RES JUDICATA |
| | (Doc. 36.) |
| Defendants. | |
| _____/ | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

### Findings and Recommendations on Defendant Weeds' Motion to Dismiss for Failure to State a Claim

Plaintiff Robert Maeshack ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 22, 2005, at the Sacramento Division of the United States District Court for the Eastern District of California.  (Doc. 1.)  On January 5, 2006, the case was transferred to the Fresno Division of the Eastern District.  (Doc. 5.)  This action now proceeds on plaintiff's amended complaint filed on March 16, 2007, against defendants MTA Harbinson, Dr. McIntyre, Dr. Weed, and Dr. Sweetland for denial of adequate medical care in violation of the Eighth Amendment, and for medical malpractice under state law.[1]  (Doc. 17.)

---

[1] All other claims and defendants were dismissed by the Court on January 13, 2009.  (Doc. 25.)

On April 28, 2009, defendant Weed filed a motion to dismiss plaintiff's claims against him for failure to state a claim upon which relief may be granted, based on the doctrine of res judicata. Fed. R. Civ. P. 12(b)(6).  (Doc. 36.)  Plaintiff filed an opposition to the motion on September 4, 2009.  (Doc. 55.)  Defendant Weed did not file a reply to the opposition.

## I.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 129 S.Ct at 1949 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### B.   Res Judicata

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005).[2]  Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or persons in privity with them from litigating the same claim that was raised in that action and all claims arising out of the same transaction or occurrence.  See Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008); Rest.2d Judgments § 18.  "The elements necessary to establish *res judicata* are: '(1) an identity of

---

[2]The Supreme Court recently clarified that the terms "claim preclusion" and "issue preclusion" are collectively referred to as "res judicata." Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008).

1  claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399

2  F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d

3  1064, 1077 (9th Cir. 2003)). "[T]he doctrine of res judicata (or claim preclusion) 'bars all grounds

4  for recovery which *could have been* asserted, whether they were or not, in a prior suit between the

5  same parties ... on the same cause of action.'" Costantini v. Trans World Airlines 681 F.2d 1199,

6  1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980) (emphasis added)).

7        When determining, for res judicata purposes, whether a present dispute concerns the same

8  claims as did prior litigation, the Ninth Circuit considers:  "(1) whether rights or interests established

9  in the prior judgment would be destroyed or impaired by prosecution of the second action; (2)

10  whether substantially the same evidence is presented in the two actions; (3) whether the two suits

11  involve infringement of the same right; and (4) whether the two suits arise out of the same

12  transactional nucleus of facts", which is the most important factor.  Headwaters, Inc., 399 F.3d at

13  1052.

14        The related doctrine of collateral estoppel, or issue preclusion, provides that "when an issue

15  of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be

16  litigated between the same parties in any future lawsuit." U.S. v. Bhatia, 545 F.3d 757, 759 (9th Cir.

17  2008) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)).  Both doctrines apply to criminal and

18  civil proceedings, and both require privity between the parties.  Bhatia, 545 F.3d at 759 (citing U.S.

19  v. Cejas, 817 F.2d 595, 598 (9th Cir. 1987) and see In re Schimmels, 127 F.3d at 881(noting that,

20  under res judicata, "parties or their privies" may be bound by a prior judgment); United States v. ITT

21  Rayonier, Inc., 627 F.2d 996, 1000 (9th Cir.1980) (requiring identity or privity between parties for

22  collateral estoppel to apply)).

23        A defendant relying on res judicata or collateral estoppel as a defense must plead it as an

24  affirmative defense.  Blonder-Tongue Laboratories, Inc. v. University of Ill. Found., 402 U.S. 313,

25  350, 91 S.Ct. 1434, 1453 (1971).  However, "if a court is on notice that it has previously decided the

26  issue presented, the court may dismiss the action sua sponte, even though the defense has not been

27  raised," Arizona v. California, 530 U.S. 392, 416, 120 S.Ct. 2304, 2318 (2000), provided that the

28  parties have an opportunity to be heard prior to dismissal, Headwaters, Inc., 399 F.3d at 1055. "As

1  a general matter, a court may, <u>sua</u> <u>sponte</u>, dismiss a case on preclusion grounds 'where the records

2  of that court show that a previous action covering the same subject matter and parties had been

3  dismissed.'" <u>Id.</u> at 1054-1055 (<u>quoting</u> <u>Evarts v. W. Metal Finishing Co.</u>, 253 F.2d 637, 639 n. 1 (9th

4  Cir. 1058)).

5  **C.   <u>Eighth Amendment Medical Claim</u>**

6      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

7  conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452

8  U.S. 337, 347 (1981).  A prison official does not act in a deliberately indifferent manner unless the

9  official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>,

10  511 U.S. 825, 834 (1994).  "[T]o maintain an Eighth Amendment claim based on prison medical

11  treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>,

12  439 F.3d 1091, 1096 (9th Cir. 2006) (<u>quoting</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295

13  (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious

14  medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further

15  significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

16  response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (<u>quoting</u> <u>McGuckin v.</u>

17  <u>Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v.</u>

18  <u>Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate

19  indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible

20  medical need, and harm caused by the indifference." <u>Id.</u> (<u>citing</u> <u>McGuckin</u>, 974 F.2d at 1060).

21      "[T]he existence of an injury that a reasonable doctor would find important and worthy of

22  comment or treatment, . . . the presence of a medical condition that significantly affects an

23  individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of

24  a serious medical need.  <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (<u>citing</u>

25  <u>McGuckin</u>, 974 F.2d at 1059-1060, <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc.</u>, 104 F.3d at 1136

26  (en banc)); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000).

27      "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d, 1051, 1060

28  (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from

which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

## II.    RELEVANT PROCEDURAL HISTORY

Court records show that plaintiff filed three separate actions largely concerning the same defendants and claims.

### Case Number 1:06-cv-00065 (Maeshack v. Avenal State Prison, et al.)

Plaintiff filed the complaint commencing this action on December 23, 2005, at the Sacramento Division of the United States District Court for the Eastern District of California, case number 2:05-cv-2607-MCE-PAN-PC.  Plaintiff brought claims pursuant to 42 U.S.C. § 1983 for violation of his rights to adequate medical care under the Eighth Amendment, against defendants Avenal State Prison, Medical Technical Assistant ("MTA") Harbinson, Lieutenant Smith, and Appeals Coordinator Grazier, for denial of medical treatment for a rat bite plaintiff received on April 23, 2004.  On January 19, 2006, the case was transferred to the Fresno Division of the Eastern District and opened as case number 1:06-cv-00065-AWI-SMS-PC.  On September 12, 2006,  the Court consolidated this case with case 1:06-cv-01025 AWI-SMS-PC, closing case 1:06-cv-00065-AWI-SMS-PC.  (Doc. 14.)  The consolidated action then proceeded under case number 1:06-cv-01025-AWI-SMS-PC, which is described next.

### Case Number 1:06-cv-01025 (Maeshack v. Greenough, et al.)

Plaintiff filed the complaint commencing this action on August 7, 2006, pursuant to 42 U.S.C. § 1983, for violation of his rights to adequate medical care under the Eighth Amendment, against defendants Dr. Greenough (CMO) and Arnold Schwarzenegger, for denial of medical treatment for a rat bite received by plaintiff on April 23, 2004.  On September 12, 2006, upon plaintiff's motion, the Court consolidated this case with case 1:06-cv-00065-AWI-SMS-PC.  (Docs. 5, 6.)  The consolidated action then proceeded under case number 1:06-cv-01025-AWI-SMS-PC,
///

against defendants Dr. Greenough (CMO), Arnold Schwarzenegger, Avenal State Prison, MTA Harbinson, Lieutenant Smith, and Appeals Coordinator Grazier.

On September 21, 2006, plaintiff filed the First Amended Complaint. (Doc. 7.) On July 10, 2008, dismissed the First Amended Complaint with leave to amend. (Doc. 8.) On September 15, 2008, plaintiff filed the Second Amended Complaint. (Doc. 11.) In the Second Amended Complaint, plaintiff named MTA H. Harbinson , CCII G. Grazier, Lieutenant Smith, Dr. Weed, and Dr. McIntyre as defendants.

On November 25, 2008, the case was reassigned to District Judge G. Murray Snow ("Judge Snow") for all further proceedings. (Doc. 12.) On January 16, 2009, Judge Snow dismissed the Second Amended Complaint pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim, without leave to amend, terminating the entire action. (Doc. 14.) With regard to the allegations against Dr. Weed, Judge Snow found that plaintiff failed to provide information about the nature and severity of his injuries, making it impossible for the Court to determine whether he was denied treatment for serious medical needs. Judge Snow also found that plaintiff failed to describe what injury, if any, resulted from Dr. Weed's failure to provide him with medical care.

### *Plaintiff's Allegations and Claims Against Dr. Weed in Case 1:06-cv-00025*

Plaintiff alleged in the Second Amended Complaint that on April 23, 2004, while he was incarcerated at Avenal State Prison, he was bitten by a mouse or rat. Plaintiff alleges that on or about May 8, 2004, Dr. Weed, a doctor at Avenal State Prison, refused to provide medical treatment to plaintiff's serious medical condition. Plaintiff claimed that Dr. Weed's refusal to provide medical treatment violated section 2652 of the Penal Code and the cruel and unusual punishment clause of the Eighth Amendment.

### Case Number 1:06-cv-00011-AWI-GSA-PC (Maeshack v. Avenal State Prison, et al.)

Plaintiff filed the complaint commencing this action on December 22, 2005, at the Sacramento Division of the United States District Court for the Eastern District of California, case number 2:05-cv-2599-LKK-DAD-PC. Plaintiff brought claims pursuant to 42 U.S.C. § 1983 for violation of his rights to adequate medical care under the Eighth Amendment pursuant to 42 U.S.C. § 1983, against defendants Avenal State Prison, MTA Harbinson, Lieutenant Smith, and Appeals

1    Coordinator Mr. Grazier, for denial of medical treatment for a rat bite plaintiff received on April 23,

2    2004. (Doc. 1.) On January 5, 2006, the case was transferred to the Fresno Division of the Eastern

3    District and opened as case number 1:06-cv-00011-AWI-LJO-PC. On February 20, 2007, the Court

4    issued an order requiring plaintiff to either file an amended complaint or notify the Court in writing

5    that he does not wish to file an amended complaint and pursue the action and instead wishes to

6    voluntarily dismiss the case. (Doc. 15.) On February 26, 2007, due to the elevation of Magistrate

7    Judge Lawrence J. O'Neill to District Judge, the case was reassigned from District Judge Anthony

8    W. Ishii to District Judge Lawrence J. O'Neill, and from Magistrate Judge Lawrence J. O'Neill to

9    Magistrate Judge Dennis L. Beck, as case number 1:06-cv-00011-LJO-NEW(DLB)-PC. (Doc. 16.)

10   On March 16, 2007, plaintiff filed the First Amended Complaint against defendants MTA

11   Harbinson, Lieutenant Smith, Appeals Coordinator Grazier, Dr. Weed, Dr. McIntyre, Dr. Sweetland,

12   and Chief Medical Officer ("CMO") Greenough. (Doc. 17.) On October 12, 2007, the case was

13   reassigned from Magistrate Judge Dennis L. Beck to Magistrate Judge Gary S. Austin, as case

14   number 1:06-cv-00011-LJO-GSA-PC. (Doc. 19.) The Court screened the First Amended Complaint

15   pursuant to 28 U.S.C. § 1915A and found that plaintiff stated cognizable claims only against

16   defendants Harbinson, Weed, McIntyre, and Sweetland, on his Eighth Amendment medical care

17   claim and his state law medical malpractice claim. (Doc. 21.) On November 21, 2008, the Court

18   issued an order requiring plaintiff either to file a Second Amended Complaint or to notify the Court

19   in writing that he does not want to file an amended complaint and instead wishes to proceed on the

20   First Amended Complaint on the claims found cognizable by the Court. Id. On December 15, 2008,

21   plaintiff filed written notice that he did not wish to file an amended complaint and was willing to

22   proceed with the claims found cognizable by the Court. (Doc. 22.) On January 27, 2009, the Court

23   directed the U.S. Marshal to serve process upon defendants Harbinson, Weed, McIntyre, and

24   Sweetland. (Doc. 28.) On April 28, 2009, defendant Weed filed a motion to dismiss. (Doc. 36.)

25   On May 6, 2009, defendants McIntyre and Harbinson filed a motion to dismiss. (Doc. 38.) On June

26   12, 2009, the U.S. Marshal filed a return of service unexecuted as to defendant Sweetland. (Doc.

27   48.) Defendant Sweetland has not appeared in this action.

28   ///

1  ***Plaintiff's Allegations and Claims Against Dr. Weed in Case 1:06-cv-00011***

2      Plaintiff alleges in the First Amended Complaint that on April 23, 2004, while he was

3  incarcerated at Avenal State Prison, he was bitten by a mouse or rat on his right hand.  Plaintiff

4  alleges that on May 8, 2004, Dr. Weed, a doctor at Avenal State Prison, gave plaintiff an EKG and

5  then refused to treat plaintiff despite his complaints of pain, suffering, and swelling.  Plaintiff alleges

6  that Dr. Weed then ordered another officer to return plaintiff to his housing cell in administrative

7  segregation.  Plaintiff claims that Dr. Weed was deliberately indifferent to his medical needs, in

8  violation of the Eighth Amendment.

9  **III.    MOTION TO DISMISS**

10      Defendant Weed brings a motion to dismiss this action against him under Rule 12(b)(6),

11  based on the doctrines of res judicata and collateral estoppel.[3]  Defendant Weed argues that this

12  action against him must be dismissed because the complaint for this action (1:06-cv-00011-AWI-

13  GSA-PC)("Case 0011") states identical allegations against him as found in the complaint for

14  Plaintiff's consolidated action (1:06-cv-01025-AWI-SMS-PC)("Case 1025") which was dismissed

15  by Judge Snow on January 19, 2009, for failure to state a claim.

16      In opposition, plaintiff argues that defendant Weed's argument basing res judicata and

17  collateral estoppel on Judge Snow's order is flawed, because Judge Snow's order is barred by res

18  judicata.  Plaintiff presents evidence that on November 21, 2008, the Court issued an order in Case

19  0011 finding that plaintiff's complaint states cognizable claims for relief under section 1983 against

20  Dr. Weed for inadequate medical care under the Eighth Amendment.  Plaintiff argues that the earlier

21  November 21, 2008 order in Case 0011 finding cognizable claims bars Judge Snow's subsequent

22  January 19, 2009 order in Case 1025 finding failure to state a claim.  Plaintiff also argues that

23  defendant Weed's theory of res judicata is inapplicable because Case 0011 was filed before Case

24  1025, and Case 1025 should have been "swallowed up" by Case 0011 prior to Judge Snow's holding,

25  making any such holding moot.

26

27      [3]In the motion to dismiss, defendant Weed uses the term "res judicata" to mean "claim preclusion," and the

28  term "collateral estoppel" to mean "issue preclusion."

## IV.    DISCUSSION

The Court has thoroughly reviewed the First Amended Complaint for Case 1025 and the Second Amended Complaint for Case 0011.  Both complaints were filed by the same plaintiff, Robert Maeshack, CDC# C-15018, a state prisoner who was incarcerated at Avenal State Prison. Both complaints name Dr. Weed, a medical doctor employed at Avenal State Prison, as one of the defendants.  There is no dispute between the parties that Robert Maeshack and Dr. Weed are the same persons named in both complaints.  Therefore, the requirement of privity between the parties is satisfied.

Both complaints allege that on April 23, 2004, while he was incarcerated at Avenal State Prison, plaintiff was bitten by a mouse or rat.  Both complaints allege that on May 8, 2004, Dr. Weed refused to provide medical treatment to plaintiff for a serious medical condition.  Plaintiff claims in both complaints that Dr. Weed violated his rights to adequate medical care under the Eighth Amendment.  Although the Court disagrees with defendant Weed's statement that the allegations are "identical" in both complaints, the Court finds that plaintiff has raised the same claim or cause of action against Dr. Weed in both actions.  Since the doctrine of res judicata bars all grounds for recovery which *could have been* asserted on the same cause of action, whether they were or not, it is of no consequence that plaintiff offers additional facts in Case 0011, alleging that his bitten hand was swollen with blood on it, that Dr. Weed gave plaintiff an EKG, and that Dr. Weed ordered a correctional officer to take plaintiff back to his housing cell in Administrative Segregation without further treatment.  Both of the lawsuits did "arise out of the same transactional nucleus of facts": defendant Weed's alleged denial of medical treatment to plaintiff for a mouse or rat bite.  The only significant difference is that plaintiff described his injuries and symptoms in case 0011 and alleged that Dr. Weed ordered him returned to his cell without further treatment after administering an EKG. This evidence is not enough to establish that the two lawsuits arise out of a different "transactional nucleus of facts."  The other criteria for finding a single cause of action are also met.  Clearly, Dr. Weed's freedom from liability for denial of treatment to plaintiff, established in Case 1025, could be impaired if Case 0011 is permitted to go forward.  Plaintiff did not offer any evidence in Case 0011 which he did not possess when he brought Case 1025; the two cases were originally filed only

one day apart on December 22 and 23, 2005. Finally, the two suits involve infringement of the same right: both lawsuits seek damages from Dr. Weed for violation of plaintiff's constitutional right to adequate medical care. Thus, the cause of action against Dr. Weed involved in both lawsuits is identical for purposes of res judicata.

The final question is whether the judgment in Case 1025 was a judgment on the merits. As defendant Weed points out, Judge Snow amply reviewed plaintiff's Second Amended Complaint in Case 1025 and determined that plaintiff failed to state a cause of action for violation of his rights to adequate medical care under the Eighth Amendment. With regard to Dr. Weed, Judge Snow found that plaintiff failed to provide information about the nature and severity of his injuries, which made it impossible for the Court to determine whether plaintiff had serious medical needs. Judge Snow also found that plaintiff failed to describe what injury, if any, resulted from Dr. Weed's failure to provide him with medical care. Thus, the judgment in Case 1025 was a judgment on the merits.

Plaintiff's arguments are without merit because the Court's November 21, 2008 order in Case 0011 finding cognizable claims was not a judgment on the merits, and because the court is not required under Rule 42 to consolidate actions pending before the court where such actions involve a common question of law or fact.[4] Fed. R. Civ. P. 42(a).

Based on this analysis, the Court finds that defendant Weed has demonstrated that the doctrine of res judicata prohibits the re-litigation of plaintiff's claims against defendant Weed in Case 0011, which were previously decided on their merits in Case 1025.

**V.    Conclusion and Recommendation**

For the reasons set forth herein, IT IS HEREBY RECOMMENDED that defendant Weeds' motion to dismiss plaintiff's claims against him, filed April 28, 2009, be GRANTED, and defendant Weed be DISMISSED from this action, with prejudice, for plaintiff's failure to state a claim against him, based on the doctrine of res judicata.

///

---

[4] Rule 42(a) provides, "When actions involving a common question of law or fact are pending before the court, it *may* order a joint hearing or trial of any or all of the matters in issue in the actions; it *may* order all the actions consolidated; and it *may* make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a) (emphasis added).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    January 20, 2010**            _____/s/ **Gary S. Austin**_____
                                          UNITED STATES MAGISTRATE JUDGE