1

2

3

4

5

6

7                   **UNITED STATES DISTRICT COURT**

8                        EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERT MAESHACK,                    1:06-cv-00011-AWI-GSA-PC

11             Plaintiff,                FINDINGS AND RECOMMENDATIONS,
                                         RECOMMENDING MOTION TO DISMISS BY
12      v.                               DEFENDANTS HARBINSON AND
                                         McINTYRE BE GRANTED, WITH
13   AVENAL STATE PRISON, et al.,        PREJUDICE, FOR FAILURE TO STATE A
                                         CLAIM UPON WHICH RELIEF MAY BE
14                                       GRANTED, BASED ON THE DOCTRINE OF
             Defendants.                 RES JUDICATA
15                                       (Doc. 38.)

16   _____/   OBJECTIONS, IF ANY, DUE IN 30 DAYS

17

18          **Findings and Recommendations on Motion to Dismiss**
                 **By Defendants Harbinson and McIntyre**

19

20          Plaintiff Robert Maeshack ("plaintiff"), a state prisoner proceeding pro se and in forma

21   pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 22, 2005, at the

22   Sacramento Division of the United States District Court for the Eastern District of California.  (Doc.

23   1.)  On January 5, 2006, the case was transferred to the Fresno Division of the Eastern District.

24   (Doc. 5.)  This action now proceeds on plaintiff's amended complaint filed on March 16, 2007,

25   against defendants MTA Harbinson, Dr. McIntyre, Dr. Weed, and Dr. Sweetland for denial of

26   adequate medical care in violation of the Eighth Amendment, and for medical malpractice under

27   state law.[1]  (Doc. 17.)

28          [1] All other claims and defendants were dismissed by the Court on January 13, 2009.  (Doc. 25.)

                                          1

1    On May 6, 2009, defendants Harbinson and McIntyre ("Defendants") filed a motion to

2  dismiss plaintiff's claims against them, based on the doctrine of res judicata, and for failure to state

3  a claim upon which relief may be granted under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). (Doc. 38.)

4  Plaintiff filed an opposition to the motion on September 4, 2009. (Doc. 55.) Defendants did not file

5  a reply to the opposition.

6  **I.    LEGAL STANDARDS**

7    **A.    Rule 12(b)(6)**

8    "The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California

9  Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain

10  statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2).

11  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

12  to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)

13  (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss

14  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls

15  short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

16  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

17  action, supported by mere conclusory statements, do not suffice," Iqbal, 129 S.Ct at 1949 (citing

18  Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe

19  I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

20  omitted).

21    **B.    Res Judicata**

22    The doctrine of res judicata bars the re-litigation of claims previously decided on their merits.

23  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005).[2] Under the doctrine of

24  claim preclusion, a final judgment on the merits of an action precludes the parties or persons in

25  privity with them from litigating the same claim that was raised in that action and all claims arising

26  out of the same transaction or occurrence. See Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008);

27

28    [2]The Supreme Court recently clarified that the terms "claim preclusion" and "issue preclusion" are collectively referred to as "res judicata." Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008).

1  Rest.2d Judgments § 18. "The elements necessary to establish *res judicata* are: '(1) an identity of

2  claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399

3  F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d

4  1064, 1077 (9th Cir. 2003)). "[T]he doctrine of res judicata (or claim preclusion) 'bars all grounds

5  for recovery which *could have been* asserted, whether they were or not, in a prior suit between the

6  same parties ... on the same cause of action.'" Costantini v. Trans World Airlines 681 F.2d 1199,

7  1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980) (emphasis added)).

8      When determining, for res judicata purposes, whether a present dispute concerns the same

9  claims as did prior litigation, the Ninth Circuit considers: "(1) whether rights or interests established

10  in the prior judgment would be destroyed or impaired by prosecution of the second action; (2)

11  whether substantially the same evidence is presented in the two actions; (3) whether the two suits

12  involve infringement of the same right; and (4) whether the two suits arise out of the same

13  transactional nucleus of facts", which is the most important factor. Headwaters, Inc., 399 F.3d at

14  1052.

15      The related doctrine of collateral estoppel, or issue preclusion, provides that "when an issue

16  of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be

17  litigated between the same parties in any future lawsuit." U.S. v. Bhatia, 545 F.3d 757, 759 (9th Cir.

18  2008) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)). Both doctrines apply to criminal and

19  civil proceedings, and both require privity between the parties. Bhatia, 545 F.3d at 759 (citing U.S.

20  v. Cejas, 817 F.2d 595, 598 (9th Cir. 1987) and see In re Schimmels, 127 F.3d at 881(noting that,

21  under res judicata, "parties or their privies" may be bound by a prior judgment); United States v. ITT

22  Rayonier, Inc., 627 F.2d 996, 1000 (9th Cir.1980) (requiring identity or privity between parties for

23  collateral estoppel to apply)).

24      A defendant relying on res judicata or collateral estoppel as a defense must plead it as an

25  affirmative defense. Blonder-Tongue Laboratories, Inc. v. University of Ill. Found., 402 U.S. 313,

26  350, 91 S.Ct. 1434, 1453 (1971). However, "if a court is on notice that it has previously decided the

27  issue presented, the court may dismiss the action sua sponte, even though the defense has not been

28  raised," Arizona v. California, 530 U.S. 392, 416, 120 S.Ct. 2304, 2318 (2000), provided that the

3

1    parties have an opportunity to be heard prior to dismissal, Headwaters, Inc., 399 F.3d at 1055.  "As

2    a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records

3    of that court show that a previous action covering the same subject matter and parties had been

4    dismissed.'" Id. at 1054-1055 (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n. 1 (9th

5    Cir. 1058)).

6           **C.      Eighth Amendment Medical Claim**

7           To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

8    conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452

9    U.S. 337, 347 (1981).  A prison official does not act in a deliberately indifferent manner unless the

10   official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan,

11   511 U.S. 825, 834 (1994).  "[T]o maintain an Eighth Amendment claim based on prison medical

12   treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner,

13   439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295

14   (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious

15   medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further

16   significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

17   response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v.

18   Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.

19   Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate

20   indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible

21   medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

22          "[T]he existence of an injury that a reasonable doctor would find important and worthy of

23   comment or treatment, . . . the presence of a medical condition that significantly affects an

24   individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of

25   a serious medical need.  Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing

26   McGuckin, 974 F.2d at 1059-1060, overruled on other grounds, WMX Techs., Inc., 104 F.3d at 1136

27   (en banc)); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

28   ///

4

1    "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d, 1051, 1060

2    (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from

3    which the inference could be drawn that a substantial risk of serious harm exists,' but that person

4    'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official

5    should have been aware of the risk, but was not, then the official has not violated the Eighth

6    Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada,

7    290 F.3d 1175, 1188 (9th Cir. 2002)).

8    **II.      RELEVANT PROCEDURAL HISTORY**

9         Court records show that plaintiff filed three separate actions largely concerning the same

10   defendants and claims.

11        **Case Number 1:06-cv-00065 (Maeshack v. Avenal State Prison, et al.)**

12        Plaintiff filed the complaint commencing this action on December 23, 2005, at the

13   Sacramento Division of the United States District Court for the Eastern District of California, case

14   number 2:05-cv-2607-MCE-PAN-PC. Plaintiff brought claims pursuant to 42 U.S.C. § 1983 for

15   violation of his rights to adequate medical care under the Eighth Amendment, against defendants

16   Avenal State Prison, Medical Technical Assistant ("MTA") Harbinson, Lieutenant Smith, and

17   Appeals Coordinator Grazier, for denial of medical treatment for a rat bite plaintiff received on April

18   23, 2004. On January 19, 2006, the case was transferred to the Fresno Division of the Eastern

19   District and opened as case number 1:06-cv-00065-AWI-SMS-PC. On September 12, 2006, the

20   Court consolidated this case with case 1:06-cv-01025 AWI-SMS-PC, closing case 1:06-cv-00065-

21   AWI-SMS-PC. (Doc. 14.) The consolidated action then proceeded under case number 1:06-cv-

22   01025-AWI-SMS-PC, which is described next.

23        **Case Number 1:06-cv-01025 (Maeshack v. Greenough, et al.)**

24        Plaintiff filed the complaint commencing this action on August 7, 2006, pursuant to 42

25   U.S.C. § 1983, for violation of his rights to adequate medical care under the Eighth Amendment,

26   against defendants Dr. Greenough (CMO) and Arnold Schwarzenegger, for denial of medical

27   treatment for a rat bite received by plaintiff on April 23, 2004. On September 12, 2006, upon

28   plaintiff's motion, the Court consolidated this case with case 1:06-cv-00065-AWI-SMS-PC. (Docs.

1  5, 6.)  The consolidated action then proceeded under case number 1:06-cv-01025-AWI-SMS-PC,

2  against defendants Dr. Greenough (CMO), Arnold Schwarzenegger, Avenal State Prison, MTA

3  Harbinson, Lieutenant Smith, and Appeals Coordinator Grazier.

4      On September 21, 2006, plaintiff filed the First Amended Complaint. (Doc. 7.) On July 10,

5  2008, the court dismissed the First Amended Complaint with leave to amend.  (Doc. 8.)   On

6  September 15, 2008, plaintiff filed the Second Amended Complaint.  (Doc. 11.)  In the Second

7  Amended Complaint, plaintiff named MTA H. Harbinson , CCII G. Grazier, Lieutenant Smith, Dr.

8  Weed, and Dr. McIntyre as defendants.

9      On November 25, 2008, the case was reassigned to District Judge G. Murray Snow ("Judge

10  Snow") for all further proceedings.  (Doc. 12.)  On January 16, 2009, Judge Snow dismissed the

11  Second Amended Complaint pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim,

12  without leave to amend, terminating the entire action. (Doc. 14.)  With regard to the allegations

13  against MTA Harbinson and Dr. McIntyre, Judge Snow found that plaintiff failed to provide

14  information about the nature and severity of his injuries, making it impossible for the Court to

15  determine whether he was denied treatment for serious medical needs.  Judge Snow also found that

16  plaintiff failed to describe what injury, if any, resulted from MTA Harbinson's or Dr. McIntyre's

17  failure to provide him with medical care.

18              ***Plaintiff's Allegations and Claims Against MTA Harbinson in Case 1:06-cv-01025***

19      Plaintiff alleged in the Second Amended Complaint that on April 23, 2004, while he was

20  incarcerated at Avenal State Prison, he was bitten by a mouse or rat.  Plaintiff alleges that he

21  informed H. Harbinson, an MTA at Avenal State Prison, that he had been bitten, and Harbinson

22  refused all treatment for plaintiff's serious medical condition, in violation of Penal Code section

23  2652 and the Eighth Amendment of the United States Constitution.

24              ***Plaintiff's Allegations and Claims Against Dr. McIntyre in Case 1:06-cv-01025***

25      Plaintiff alleged in the Second Amended Complaint that on April 23, 2004, while he was

26  incarcerated at Avenal State Prison, he was bitten by a mouse or rat.  Plaintiff alleges that on or

27  about December 13, 2005, Dr. McIntyre, a physician at the Sierra Conservation Center in Jamestown

28  ("SCC"), refused to provide medical treatment to plaintiff's serious medical condition.  Plaintiff

1    claimed that Dr. McIntyre's refusal to provide medical treatment violated section 2652 of the Penal

2    Code and the cruel and unusual punishment clause of the Eighth Amendment.

3              **Case Number 1:06-cv-00011-AWI-GSA-PC (Maeshack v. Avenal State Prison, et al.)**

4              Plaintiff filed the complaint commencing this action on December 22, 2005, at the

5    Sacramento Division of the United States District Court for the Eastern District of California, case

6    number 2:05-cv-2599-LKK-DAD-PC.  Plaintiff brought claims pursuant to 42 U.S.C. § 1983 for

7    violation of his rights to adequate medical care under the Eighth Amendment pursuant to 42 U.S.C.

8    § 1983, against defendants Avenal State Prison, MTA Harbinson, Lieutenant Smith, and Appeals

9    Coordinator Mr. Grazier, for denial of medical treatment for a rat bite plaintiff received on April 23,

10   2004.  (Doc. 1.)  On January 5, 2006, the case was transferred to the Fresno Division of the Eastern

11   District and opened as case number 1:06-cv-00011-AWI-LJO-PC.  On February 20, 2007, the Court

12   issued an order requiring plaintiff to either file an amended complaint or notify the Court in writing

13   that he did not wish to file an amended complaint and pursue the action and instead wished to

14   voluntarily dismiss the case.  (Doc. 15.)  On February 26, 2007, due to the elevation of Magistrate

15   Judge Lawrence J. O'Neill to District Judge, the case was reassigned from District Judge Anthony

16   W. Ishii to District Judge Lawrence J. O'Neill, and from Magistrate Judge Lawrence J. O'Neill to

17   Magistrate Judge Dennis L. Beck, as case number 1:06-cv-00011-LJO-NEW(DLB)-PC. (Doc. 16.)

18             On March 16, 2007, plaintiff filed the First Amended Complaint against defendants MTA

19   Harbinson, Lieutenant Smith, Appeals Coordinator Grazier, Dr. Weed, Dr. McIntyre, Dr. Sweetland,

20   and Chief Medical Officer ("CMO") Greenough.  (Doc. 17.)  On October 12, 2007, the case was

21   reassigned from Magistrate Judge Dennis L. Beck to Magistrate Judge Gary S. Austin, as case

22   number 1:06-cv-00011-LJO-GSA-PC. (Doc. 19.) The Court screened the First Amended Complaint

23   pursuant to 28 U.S.C. § 1915A and found that plaintiff stated cognizable claims only against

24   defendants Harbinson, Weed, McIntyre, and Sweetland, on his Eighth Amendment medical care

25   claim and his state law medical malpractice claim.  (Doc. 21.)

26             On November 21, 2008, the Court issued an order requiring plaintiff either to file a Second

27   Amended Complaint or to notify the Court in writing that he did not want to file an amended

28   complaint and instead wished to proceed on the First Amended Complaint on the claims found

1    cognizable by the Court.  Id.  On December 15, 2008, plaintiff filed written notice that he did not

2    wish to file an amended complaint and was willing to proceed with the claims found cognizable by

3    the Court.  (Doc. 22.)  On January 27, 2009, the Court directed the U.S. Marshal to serve process

4    upon defendants Harbinson, Weed, McIntyre, and Sweetland.  (Doc. 28.)  On April 28, 2009,

5    defendant Weed filed a motion to dismiss.  (Doc. 36.)  On May 6, 2009, defendants McIntyre and

6    Harbinson filed a motion to dismiss.  (Doc. 38.)  On June 12, 2009, the U.S. Marshal filed a return

7    of service unexecuted as to defendant Sweetland. (Doc. 48.) Defendant Sweetland has not appeared

8    in this action.

9                    ***Plaintiff's Allegations and Claims Against MTA Harbinson in Case 1:06-cv-00011***

10    Plaintiff alleges in the First Amended Complaint that on April 23, 2004, while he was

11    incarcerated at Avenal State Prison, he was bitten by a mouse or rat on his right hand.  Plaintiff

12    alleges that he complained to C/O Deagon about a mouse/rat bite, and C/O Deagon informed MTA

13    Harbinson, an MTA at Avenal State Prison.  Plaintiff alleges he showed MTA Harbinson his bitten

14    and swollen right hand, with blood on it, and his left leg.  Plaintiff alleges MTA Harbinson walked

15    away, refusing plaintiff medical assistance, without regard to plaintiff's pain and suffering, and

16    without considering the possible long term ill effects on plaintiff's health.  Plaintiff alleges he was

17    left in pain.  Plaintiff claims that MTA Harbinson violated his rights under the cruel and unusual

18    punishment clause of the Eighth Amendment.

19                    ***Plaintiff's Allegations and Claims Against Dr. McIntyre in Case 1:06-cv-00011***

20    Plaintiff alleges in the First Amended Complaint that on April 23, 2004, while he was

21    incarcerated at Avenal State Prison, he was bitten by a mouse or rat on his right hand.  Plaintiff

22    alleges that on December 23, 2005 at 10:00 a.m., he was interviewed at SCC on December 23, 2005

23    by Dr. McIntyre, a doctor at SCC, and explained to Dr. McIntyre about the mouse/rat bite and the

24    possible infection/disease associated with the incident.  Plaintiff alleges that Dr. McIntyre ordered

25    skull x-rays and prescribed 800 mg Ibuprofen and Prilosec, but did nothing to relieve the swelling

26    or to abate the pain that plaintiff continues to suffer.  Plaintiff claims that Dr. McIntyre violated his

27    constitutional rights to adequate medical care.

28    ///

1    **III.    MOTION TO DISMISS**

2         Defendants bring a motion to dismiss this action against them, based on the doctrine of res

3    judicata, and to dismiss this action against defendant McIntyre for failure to state a claim against him

4    under Rule 12(b)(6).[3]  Defendants argue that this action against them must be dismissed because in

5    the complaint for this action (1:06-cv-00011-AWI-GSA-PC)("Case 0011"), plaintiff raises the same

6    claims against them him as found in the complaint for plaintiff's consolidated action (1:06-cv-

7    01025-AWI-SMS-PC)("Case 1025") which was dismissed by Judge Snow on January 19, 2009 on

8    the merits, for failure to state a claim.  Defendant McIntyre also argues that the complaint against

9    him in Case 0011 must be dismissed based on plaintiff's failure to state a claim against him for

10   inadequate medical treatment under the Eighth Amendment.

11        In opposition, plaintiff argues that Defendants' argument basing res judicata on Judge Snow's

12   order is flawed, because Judge Snow's order is barred by res judicata.  Plaintiff presents evidence

13   that on November 21, 2008, the Court issued an order in Case 0011 finding that plaintiff's complaint

14   states cognizable claims for relief under section 1983 against MTA Harbinson and Dr. McIntyre for

15   inadequate medical care under the Eighth Amendment.  Plaintiff argues that the earlier November

16   21, 2008 order in Case 0011 finding cognizable claims bars Judge Snow's subsequent January 19,

17   2009 order in Case 1025 finding failure to state a claim.  Plaintiff also argues that Defendants' theory

18   of res judicata is inapplicable because Case 0011 was filed before Case 1025, and Case 1025 should

19   have been "swallowed up" by Case 0011 prior to Judge Snow's holding, making any such holding

20   moot.

21   **IV.    DISCUSSION**

22        The Court has thoroughly reviewed the First Amended Complaint for Case 1025 and the

23   Second Amended Complaint for Case 0011.  Both complaints were filed by the same plaintiff,

24   Robert Maeshack, CDC# C-15018, a state prisoner who was incarcerated at Avenal State Prison.

25   Both complaints name MTA Harbinson, an MTA employed at Avenal State Prison, and Dr.

26

27        [3]In the motion to dismiss, Defendants use the term "res judicata" to mean "claim preclusion," and the term
28   "collateral estoppel" to mean "issue preclusion."

1   McIntyre, a doctor employed at SCC, as defendants.  There is no dispute between the parties that

2   Robert Maeshack, MTA Harbinson and Dr. McIntyre are the same persons named in both

3   complaints.  Therefore, the requirement of privity between the parties is satisfied.

4          Both complaints allege that on April 23, 2004, while he was incarcerated at Avenal State

5   Prison, plaintiff was bitten by a mouse or rat.  Both complaints allege that MTA Harbinson was

6   informed that plaintiff had been bitten, yet refused medical assistance to plaintiff, despite a serious

7   medical condition.  Plaintiff claims in both complaints that MTA Harbinson violated his rights under

8   the Eighth Amendment.  Both complaints allege that in December 2005, Dr. McIntyre failed to

9   provide adequate medical treatment for the rat/mouse bite suffered by plaintiff.  Plaintiff claims in

10  both complaints that Dr. McIntyre violated his constitutional rights under the Eighth Amendment.

11  Although the allegations against Defendants are not identical in both complaints, the Court finds that

12  plaintiff has raised the same claims or causes of action against Defendants in both actions.  Since the

13  doctrine of res judicata bars all grounds for recovery which *could have been* asserted on the same

14  cause of action, whether they were or not, it is of no consequence that plaintiff varies the facts in the

15  two complaints.[4]  Both of the lawsuits did "arise out of the same transactional nucleus of facts,"

16  Defendants' alleged denial of adequate medical treatment to plaintiff for a mouse or rat bite.

17  Plaintiff's variation of facts does not establish that the two lawsuits arise out of a different

18  "transactional nucleus of facts."  The other criteria for finding a single cause of action are also met.

19  Clearly, Defendants' freedom from liability for inadequate medical treatment to plaintiff, established

20  in Case 1025, would be impaired if Case 0011 is permitted to go forward.  Plaintiff did not offer any

21  evidence in Case 0011 which he did not possess when he brought Case 1025; the two cases were

22  originally filed only one day apart on December 22 and 23, 2005.  Finally, the two suits involve

23  infringement of the same right; both lawsuits seek damages from Defendants for violation of

24  _____

25      [4]Plaintiff describes symptoms – swelling, pain, suffering, and possibility of infection/disease – in Case
    0011, whereas he omits such description in Case 1025.  In Case 0011, plaintiff alleges he informed C/O Deagon
26  about the mouse/rat bite, who then informed MTA Harbinson, whereas in Case 1025 plaintiff appears to allege that
    he informed MTA Harbinson directly.  He also alleges in Case 0011 that Defendants violated Penal Code section
27  2652, which is not under consideration here except as a fact in support of plaintiff's federal claims.  The date of
    plaintiff's meeting with Dr. McIntyre is not exactly the same in both complaints, as Defendants point out, but both
28  complaints allege a meeting in December 2005.  And finally, the complaint in Case 0011 alleges Dr. McIntyre
    ordered skull x-rays and prescribed medications for plaintiff, whereas in Case 1025, plaintiff alleges Dr. McIntyre
    refused him all medical care.

1  plaintiff's constitutional right to adequate medical care.  Thus, the causes of action against

2  Defendants involved in both lawsuits is identical for purposes of res judicata.

3     The final question is whether the judgment in Case 1025 was a judgment on the merits.  In

4  Judge Snow's order of January 16, 2009, he amply reviewed plaintiff's Second Amended Complaint

5  in  Case 1025 and determined that plaintiff failed to state a cause of action against any of the

6  defendants for violation of his rights to adequate medical care under the Eighth Amendment.  With

7  regard to MTA Harbinson and Dr. McIntyre, Judge Snow found that plaintiff failed to provide

8  information about the nature and severity of his injuries, which made it impossible for the Court to

9  determine whether plaintiff had serious medical needs.  Judge Snow also found that plaintiff failed

10 to describe what injury, if any, resulted from MTA Harbinson's and Dr. McIntyre's failure to provide

11 him with medical care.  Thus, the judgment in Case 1025 was a judgment on the merits.

12    Plaintiff's arguments are without merit because the Court's November 21, 2008 order in Case

13 0011 finding cognizable claims was not a judgment on the merits, and because the court is not

14 required under Rule 42 to consolidate actions pending before the court where such actions involve

15 a common question of law or fact.[5]  Fed. R. Civ. P. 42(a).

16    Based on this analysis, the Court finds that defendants MTA Harbinson and Dr. McIntyre

17 have demonstrated that the doctrine of res judicata prohibits the re-litigation of plaintiff's claims

18 against them in Case 0011, which were previously decided on their merits in Case 1025.  In light of

19 this finding, the Court shall not reach Defendants' argument that plaintiff fails to state a claim

20 against Dr. McIntyre in Case 0011 for violation of his rights under the Eighth Amendment.[6]

21 **V.     Conclusion and Recommendation**

22    For the reasons set forth herein, IT IS HEREBY RECOMMENDED that defendants MTA

23 Harbinson's and Dr. McIntyre's motion to dismiss plaintiff's claims against them, filed May 6, 2009,

24

25

26    [5] Rule 42(a) provides, "When actions involving a common question of law or fact are pending before the
court, it *may* order a joint hearing or trial of any or all of the matters in issue in the actions; it *may* order all the
27 actions consolidated; and it *may* make such orders concerning proceedings therein as may tend to avoid unnecessary
costs or delay."  Fed. R. Civ. P. 42(a) (emphasis added).

28    [6]In addition, if the federal claims against Defendants are dismissed, the state malpractice claims against
Defendants shall also be dismissed for lack of jurisdiction. 28 U.S.C.  § 1367(c)(3).

11

1  be GRANTED, and defendants MTA Harbinson and Dr. McIntyre be DISMISSED from this action,

2  with prejudice, for plaintiff's failure to state a claim against them, based on the doctrine of res

3  judicata.

4          These Findings and Recommendations will be submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

6  **days** after being served with these Findings and Recommendations, plaintiff may file written

7  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

8  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

9  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

10  1153 (9th Cir. 1991).

11

12      IT IS SO ORDERED.

13   **Dated:   January 25, 2010**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28