# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAESHACK, | 1:06-cv-00011-AWI-GSA- PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL |
| v. | (Doc. 32.) |
| AVENAL STATE PRISON, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Plaintiff Robert Maeshack ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint filed March 16, 2007, against defendants Harbinson, McIntyre, Weed, and Sweetland, on plaintiff's medical care claims under the Eighth Amendment and state medical malpractice claims. (Doc. 17.)[1] Defendants Harbinson and McIntyre are represented by Deputy Attorney General Megan R. O'Carroll, Department of Justice. Defendant Weed is represented by separate counsel. Defendant Sweetland has not been served in this action.[2]

///

---

[1] All other claims and defendants were dismissed by the court on January 13, 2009. (Doc. 25.)

[2] On June 17, 2009, the United States Marshal filed a return of service unexecuted as to defendant Sweetland. (Doc. 48.)

1

On April 8, 2009, plaintiff filed a motion seeking to disqualify the Attorney General for the State of California ("A.G.") from acting as counsel for defendants in this action. (Doc. 32.) Defendants have not filed a response.

## II. MOTION TO DISQUALIFY ATTORNEY GENERAL

Plaintiff brings a motion to disqualify the A.G., based on conflict of interest.

First, Plaintiff argues that a conflict of interest exists because he requested the assistance of the A. G. before the defendants sought counsel in this action. Plaintiff alleges he sent his proposed theory of prosecution of this action, along with copies of evidence to be used against the defendants, to the A. G.'s Office. Plaintiff claims the A. G. kept the documents and sent him a letter on October 29, 2008, advising him the A. G. is not suited to represent individuals. On March 23, 2009, plaintiff was notified that the A.G. would be representing defendant Harbison. (Motion at 2.)

Generally, "'courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.'" Kasza v. Browner, 133 F.3d 1159, 1171 (9th Cir. 1998) (quoting United States v. Rogers, 9 F.3d 1025, 1031 (2d Cir. 1993) (internal quotations omitted)). Plaintiff does not claim to be a former client of the A. G. and in fact states that the A. G. declined to represent him. (Motion at 2.) The fact that plaintiff sent case information unsolicited to the Attorney General's Office, without more, is not evidence that an attorney-client privilege exists between plaintiff and the A. G. Without evidence of an agreement, a consultation, a fee payment, or any legal advice rendered, the court cannot reasonably find that a confidential relationship arose between plaintiff and the A.G. Plaintiff provides no evidence that Deputy A. G. Megan R. O'Carroll, who is representing defendants in this action, has any knowledge of the documents. Therefore, the court finds no conflict of interest based on the fact that plaintiff sent his case information to the A.G.'s Office.

Second, Plaintiff argues that the A.G. should not represent defendants because the People of the State of California have no interest in defending this lawsuit, because none of the defendants remaining in this action is a sworn officer or agency of the state and the People are not at risk. Plaintiff notes that Avenal State Prison and all the sworn officers named as defendants in the original complaint have been removed from the lawsuit.

1          "The Attorney General, . . ., is the chief law officer of the state (Cal. Const., art. V, § 13)
2  [and] . . . possesses not only extensive statutory powers but also broad powers derived from the
3  common law relative to the protection of the public interest" and matters of public concern.
4  California Air Resources Bd. v. Hart, 21 Cal.App.4th 289, 295, 26 Cal.Rptr.2d 153, 156 (Cal. 1993)
5  (quoting D'Amico v. Board of Medical Examiners, 11 Cal.3d 1, 14-15, 112 Cal.Rptr. 786, 796, 520
6  P.2d 10, 20 (Cal. 1974.))  "'[I]n the absence of any legislative restriction, [he] has the power to file
7  any civil action or proceeding directly involving the rights and interests of the state, or which he
8  deems necessary for the enforcement of the laws of the state, the preservation of order, and the
9  protection of public rights and interest.'" Id.  Conversely, [the A. G.] "has the duty to defend all
10 cases in which the state or one of its officers is a party."  Cal.Gov.Code § 12512; California Air
11 Resources Bd., 21 Cal.App.4th at 295.

12         Plaintiff acknowledges that defendants Harbison, McIntyre, Weed, and Sweetland are
13 employed as medical staff at Avenal State Prison ("ASP") and Sierra Conservation Center ("SCC"),
14 (Amd. Cmp., Doc. 17, at ¶III.).  ASP and SCC are state prisons under the authority of the California
15 Department of Corrections and Rehabilitation, a state agency.  Therefore, the court finds it proper
16 for the A. G. to represent the defendants in this action as part of his or her broad powers involving
17 the rights and interests of the state.

18         Finally, plaintiff argues that the A.G. should be disqualified because the A.G. represents the
19 People of the State of California, and Plaintiff is a ward of the State of California.

20         "In the course of discharging his duty [the Attorney General] is often called upon to make
21 legal determinations both in his capacity as a representative of the public interest and as statutory
22 counsel for the state or one of its agencies or officers."  D'Amico, 11 Cal.3d at 15.  If the A.G.
23 recognizes a conflict between these two duties, he or she may consent to the employment of special
24 counsel by a state agency or officer. (See Cal.Gov.Code § 11040.)" Id.  However, the court finds
25 no authority that the A. G. has a duty to represent the interests of a prisoner in state custody who
26 brings an action against defendants who were acting under color of state law.  Therefore, the court
27 finds no conflict of interest based on plaintiff's status as a state prisoner.
28 ///

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to disqualify defendants' counsel, filed April 8, 2009, is DENIED.

IT IS SO ORDERED.

Dated: **February 11, 2010**     /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE