# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAESHACK, | 1:06-cv-00011-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT SWEETLAND'S MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART, AND RECOMMENDING THAT THE AMENDED COMPLAINT BE DISMISSED WITH LEAVE TO AMEND |
| v. | |
| AVENAL STATE PRISON, et al., | |
| Defendants. | (Doc. 84.) |
| | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I.     BACKGROUND

Robert Maeshack ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action at the United States District Court for the Eastern District of California, Sacramento Division, on December 22, 2005. (Doc. 1.) On January 5, 2006, the case was transferred to the Fresno Division of the Eastern District of California. (Doc. 5.) This action now proceeds on Plaintiff's Amended Complaint filed on March 16, 2007, against defendant Dr. Sweetland, on Plaintiff's claims

///

///

///

for inadequate medical care under the Eighth Amendment, and for medical malpractice under state law.[1]  (Doc. 17.)

On January 6, 2011, defendant Sweetland ("Defendant") filed a motion to dismiss for failure to exhaust administrative remedies, failure to comply with California's Tort Claims Act, and failure to state a claim.  (Doc. 84.)  On July 19, 2011, Plaintiff filed an opposition.[2]  (Doc. 89.)  On July 25, 2011, Defendant filed a reply.  (Doc. 90.)  Defendant's motion to dismiss is now before the Court.

## II.   PLAINTIFF'S ALLEGATIONS AND CLAIMS[3]

Plaintiff was a state prisoner at Avenal State Prison ("ASP") in Avenal, California, and Sierra Conservation Center ("SCC") in Jamestown, California, during the time of the events at issue, and Dr. Sweetland was a physician employed at SCC while Plaintiff was incarcerated there.  Plaintiff alleges as follows in the Amended Complaint.

On April 23, 2004, while incarcerated at ASP, Plaintiff was bitten by a mouse or rat, which resulted in injury to Plaintiff's left leg and a swollen right hand.  Plaintiff informed Correctional Officers, who refused to provide medical assistance, despite Plaintiff being in pain.  On April 24, 2004, Plaintiff captured two mice or rats and gave them to a Correctional Officer to test them for disease.  The Correctional Officer failed to take the rodents to medical staff.  On May 8, 2004, Plaintiff was given an EKG but the doctor refused to treat Plaintiff for his pain and swelling.

On December 23, 2005, while incarcerated at SCC, Plaintiff was interviewed by Dr. McIntyre, Plaintiff explained about the mouse/rat bite and discussed possible disease transmitted

///

---

[1] On January 13, 2009, the Court dismissed Plaintiff's Due Process and retaliation claims from this action, for Plaintiff's failure to state a claim, and dismissed defendants Avenal State Prison, Lieutenant Smith, Appeals Coordinator Grazier, and CMO Greenough from this action for Plaintiff's failure to state any claims against them. (Doc. 25.)  On March 9, 2010, defendant Weed was dismissed from this action via a motion to dismiss, based on res judicata.  (Doc. 65.)  On May 9, 2010, defendants Harbinson and McIntyre were dismissed from this action via a motion to dismiss, based on res judicata.  (Doc. 66.)  As a result, Dr. Sweetland is the only defendant now remaining in this action.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 27, 2009.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).  (Doc. 28.)

[3] This summary contains Plaintiff's allegations and claims against defendant Sweetland in the Amended Complaint, upon which this case now proceeds, along with background information.

from the bite.  Dr. McIntyre ordered x-rays and prescribed Ibuprofen and Prilosec.  Nothing was done to treat the swelling.

On June 2, 2006, at SCC, Plaintiff was interviewed by Dr. Sweetland concerning the mouse/rat bite.  Dr. Sweetland ordered Plaintiff to take Doxycyline from June 6, 2006 to July 14, 2006, Toradol from June 2, 2006 to June 7, 2006, Methcahamol from July 24, 2006 to August 24, 2006, Naprazen from July 25, 2006 to August 24, 2006, Hydroxychloroquin from August 2, 2006 to October 31, 2006, Prilosec from August 2, 2006 to October 31, 2006, and Prednisone.  All of these medications were prescribed without performing a physical or making a diagnosis.  Dr. Sweetland was "experimenting and guessing what would work best for whatever disease popped into his mind."  (Amd. Cmpl., Doc. 17 at 4.[4])  Dr. Sweetland later ordered a blood panel to see exactly what Plaintiff came into contact with from the mouse/rat bite.  Plaintiff continued to be in severe pain, but no further steps were taken.

Plaintiff claims that Dr. Sweetland failed to provide him with adequate medical care, in violation of the Eighth Amendment, and committed medical malpractice under state law.

### III. MOTION TO DISMISS FEDERAL CLAIM FOR FAILURE TO EXHAUST

Defendant seeks to dismiss this action on the ground that Plaintiff failed to exhaust his administrative remedies with regard to the Eighth Amendment claim before filing suit.

#### A. Exhaustion of Remedies Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the

---

[4] When the pagination of a party's document differs from the pagination used by the Court's electronic filing system, the Court uses the pagination of the Court's electronic filing system.

exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6©. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

### 1. **Defendant's Position**

Defendant argues that this action should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit with regard to his claims against Dr. Sweetland, as required by the PLRA. Defendant submits evidence that between 1999 and March 2007, Plaintiff obtained Director's Level reviews for only two prison grievances, identified as Log Numbers PVSP-07-02882 and SCC-06-00004. (Declaration of D. Foston, Doc. 84-2 at ¶4 and Attachment 1.) Plaintiff also

4

filed an appeal Log Number SCC-07-00158, concerning his medical care. Id. Defendant argues that none of these three appeals served to exhaust Plaintiff's remedies.

### ***PVSP-07-02882***

Log Number PVSP-07-02882 concerns a claim by Plaintiff that he is entitled to a mobility impairment vest. (Exh. A to Motion to Dismiss ("Motion"), Doc. 84-1 at 2-14.) Defendant argues that the subject matter of this appeal is not relevant to this lawsuit

### ***SCC-06-00004***

Log Number SCC-06-00004 is related to Plaintiff's claim that he received inadequate treatment following a rat bite. (Id. at 20-24.) However, Defendant argues that this grievance does not serve to exhaust Plaintiff's administrative remedies against Dr. Sweetland, because the grievance specifically complained about inadequate treatment from Dr. McIntyre, and the allegations Plaintiff makes against Dr. Sweetland had not yet occurred when Plaintiff filed this appeal. (Id.) The earliest allegation in the Amended Complaint of any action or inaction by Dr. Sweetland is June 2006, (Amd. Cmpl., Doc. 17 at 4-5), and Plaintiff filed Log Number SCC-06-00004 on December 28, 2005, (Exh. A to Motion at 20).

### ***SCC-07-00158***

In Log Number SCC-07-00158, Plaintiff complained of inadequate treatment from Dr. Sweetland. However, Defendant argues that this appeal does not serve to exhaust Plaintiff's remedies against Dr. Sweetland because it only claimed in general terms that medical staff at SCC were providing Plaintiff inadequate medical care, and did not acknowledge that Plaintiff's medical condition was the result of a rat bite. (Id. at 45-47.) Defendant also asserts that Plaintiff only added claims against Dr. Sweetland at the formal level of review, and Plaintiff abandoned this appeal before reaching the Director's Level. (Id.)

///
///
///
///
///

### 2. **Plaintiff's Position**

The Court looks to Plaintiff's opposition filed on July 19, 2011, and Plaintiff's verified complaints.[5] (Docs. 1, 17, 89.) Plaintiff submits evidence that he filed two appeals at Avenal State Prison, Log Numbers ASP-04-01345 and ASP-04-01424. (Cmpl., Doc. 1, Exhs. A and B.) Plaintiff also contends that he exhausted his remedies by filing and obtaining a response to appeal Log Number SCC-07-00158 at the formal level of review where it was partially granted. (Opp'n., Doc. 89, Exh. B.)

#### *ASP-04-01345*

Log Number ASP-04-01345, which was submitted on April 24, 2004 and addressed inadequate medical care at ASP by defendants Harbinson and Smith for Plaintiff's rat bite, was completed through the First Level of review. (Id. at 6 and Exh. A.) Plaintiff claims he submitted the appeal to the Second Level but never received a response, despite writing a follow-up inquiry to the Chief of Inmate Appeals. (Id; Amd. Cmpl., Doc. 17 at 2 ¶II.C.)

#### *ASP-04-01424*

Log Number ASP-04-01424, submitted on June 17, 2004, addressed problems with the inmate appeals process, requested an investigation and reprimand of Appeals Coordinator Grazier, and mentioned appeals filed by Plaintiff which addressed inadequate medical care at ASP for his rat/mouse bite. (Cmpl., Doc. 1, Exh. B.) This appeal was denied at the First Level. (Id.)

### 3. **Defendant's Reply**

In reply, Defendant reasserts his argument that Plaintiff failed to exhaust his remedies with Log Number SCC-07-00158, because the appeal merely claimed that staff at SCC were providing him inadequate medical care in general and did not address Plaintiff's allegations against Dr. Sweetland, (Exh. A to Motion), and Plaintiff failed to complete the grievance process by obtaining a final, Director's Level review. (Exh. B to Motion, Attachment 2 at ¶5).

---

[5] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the Complaint and Amended Complaint under penalty of perjury. (Docs. 1, 17.) Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints. Plaintiff's affidavit in support of his opposition is also verified and therefore constitutes admissible evidence. (Doc. 25 at 1-10.)

6

**4.     Discussion**

The Court concurs that Plaintiff did not exhaust his remedies with Log Number PVSP-07-02882, because the appeal concerned Plaintiff's request for a mobility impairment vest, which is not relevant to Plaintiff's claims in this action about his treatment for a rat/mouse bite.

The Court also concurs that Plaintiff did not exhaust his remedies with Log Number SCC-06-00004. This appeal specifically complained about Plaintiff's medical treatment by Dr. McIntyre in December 2005 and did not mention Dr. Sweetland at all. Further, Defendant correctly argues that this appeal could not have addressed Plaintiff's claims against Dr. Sweetland, because the appeal was submitted by Plaintiff *before* Plaintiff alleges Dr. Sweetland began providing him with inadequate medical care. The appeal was filed on December 28, 2005, and Plaintiff's earliest allegations against Dr. Sweetland began when Plaintiff saw Dr. Sweetland on June 2, 2006. (Exh. A to Motion, Doc. 84-1 at 21; Amd. Cmpl., Doc. 17 at 4.) Plaintiff could not have complained about events that had not yet occurred.[6]

The two appeals that Plaintiff filed at ASP, Log Numbers ASP-04-01345 and ASP-04-01424, could not have exhausted his remedies for claims against Dr. Sweetland, because Plaintiff was not treated by Dr. Sweetland until after he was transferred from ASP to SCC where Dr. Sweetland was employed. These appeals were filed too early, before Plaintiff saw Dr. Sweetland for treatment.

*SCC-07-00158*

With regard to Log Number SCC-07-00158, submitted on December 2, 2006, Plaintiff argues that he exhausted his remedies by obtaining a decision on March 16, 2007, partially granting the appeal at the First Formal Level of review. (Exh. A to Motion, Doc. 84-1 at 46-48, 53-59.) Defendant argues that Plaintiff failed to exhaust his remedies with this appeal, because Plaintiff did not obtain a Director's Level response. However, a Director's Level response is not necessary to satisfy the exhaustion requirement. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that

---

[6] There is no evidence before the Court that Plaintiff saw Dr. Sweetland for medical care before May 8, 2006.

7

no remedies are available."). The Ninth Circuit has held that "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfied him, in order to exhaust his administrative remedies." Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010). Here, Plaintiff obtained a response at the First Formal Level of review on March 16, 2007, partially granting his requests:

> Your request to be sent back out to see the pain management doctor and that the doctor has your complete medical file so he has all your information to make a proper diagnosis is partially granted. On February 10, 2007, the MAR Committee gave approval for you to have a consultation with the pain management clinic at U.C. Davis. An appointment date for this consultation has been requested and is expected to occur within 90 days. Please be advised that we have no control over appointment availability, but rather are assigned appointment dates by the consultants. At the time of your appointment, your pertinent medical records will be available for the consultant.
>
> Your request that this 602 be logged and routed to the proper staff involved, which would be Dr. St. Clair, is granted. This 602 has a log number of SCC-X-07-00158. The appeal was routed to Dr. St. Clair, Chief Medical Officer, and he evaluated you regarding this appeal on February 21, 2007.
>
> Your request that a doctor see you because you are in severe pain is granted. On December 18, 2006; January 11, 2007; January 11, 2007; January 29, 2007; February 5, 2007; February 6, 2007; and February 21, 2007 you saw a doctor and on four of these visits, the physician prescribed medication for your pain. It is noted that Dr. St. Clair indicated you voiced there was improvement in your pain after he gave you an abdominal binder for support.
>
> Mr. Maeshack, based on the aforementioned information, your appeal is partially granted.
>
> If you are dissatisfied with this decision, you may appeal to the Second Formal Level by following the instructions on your appeal form.

(Exh. A to Motion at 58-59.) The only apparent reason Plaintiff's appeal was "partially granted" instead of "granted" is because his request to be sent back to the pain management doctor he had seen previously was not granted.[7] Instead, as documented above, Plaintiff was scheduled for a consultation at the pain management clinic at U. C. Davis. (Id. at 58.) All of Plaintiff's other requests were granted, giving Plaintiff no obligation to appeal the decision if he was satisfied.

Moreover, Plaintiff was instructed that "if you are dissatisfied with this decision, you may appeal to the Second Formal Level." (Id. at 59.) This implies that if Plaintiff *was* satisfied with the

---

[7]On December 5, 2006, Plaintiff was seen by a pain management specialist at Doctors Hospital of Manteca. (Exh. A to Motion at 46 ¶¶A & B, 57.) In the appeal, Plaintiff requested to be sent back to this same specialist. Id.

8

decision, he *may not* appeal it. There is no obligation to appeal from a decision when the form states that the "action may not be appealed." See Harvey, 605 F.3d at 685 (quoting see Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)). Therefore, the Court finds that Plaintiff had no obligation to appeal from this decision, and he exhausted all of the remedies available via this appeal.

Defendant argues that this appeal did not serve to exhaust Plaintiff's remedies with regard to Dr. Sweetland, because the appeal only claimed in general terms that medical staff at SCC were providing Plaintiff inadequate medical care; the appeal did not acknowledge that Plaintiff's medical condition was the result of a rat bite; and Plaintiff only added claims against Dr. Sweetland at the formal level of review. However, "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Jones, 549 U.S. at 219. It is not one of the leading purposes of the exhaustion requirement to give early notice to those who might later be sued. Id. (citing see Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued..") Thus, the issue here is whether Plaintiff's appeal was sufficient to alert prison officials of the problem with Plaintiff's medical care that resulted in Plaintiff's claims against Dr. Sweetland. In this appeal, Plaintiff primarily complained that when he was sent to the pain management specialist in Manteca, his medical file was not sent with him, and the specialist did not have all of the information needed to treat Plaintiff. (Exh. A to Motion at 46 ¶A.) However, Plaintiff also complained that he was not being adequately treated at SCC after "being bitten by a mouse/rat," despite suffering from continuous severe pain. (Id. at 47.) Although Plaintiff did not mention Dr. Sweetland at the Informal Level of review, he stated at the First Formal Level that Dr. Sweetland diagnosed him with Fibromyalgia and hay fever, "but those problems do not account for all the swellings on my body and other pain." (Id. at 46.) The appeal was not rejected at the First Formal Level based on the addition of a new issue,[8] which demonstrates to the Court that Plaintiff's statement about ineffective treatment by Dr. Sweetland was incorporated as part

---

[8] Cal. Regs., tit. 15, § 3084.6(b)(16) provides that an appeal may be rejected if "the appeal issue or complaint emphasis has been changed at some point I the process to the extent that the issue is entirely new, and the required lower levels of review and assessment have thereby been circumvented."

9

of the appeal by the appeals coordinator. (Id. at 46-48.) Based on this evidence, the Court finds that Plaintiff sufficiently notified prison officials of his problems with medical care for a mouse/rat bite at SCC with appeal Log Number SCC-07-00158, exhausting his remedies with respect to his claims against Dr. Sweetland. Therefore, Defendant's motion to dismiss Plaintiff's Eighth Amendment claims for failure to exhaust shall be denied.

### IV. MOTION TO DISMISS STATE TORT CLAIM FOR FAILURE TO COMPLY WITH CALIFORNIA'S TORT CLAIMS ACT

Defendant also brings a motion to dismiss this action based on Plaintiff's failure to comply with California's Tort Claims Act ("CTCA"). The CTCA requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 164 P.3d 630, 634 (Cal. 2007); State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. Shirk, 164 P.3d at 634; Bodde, 90 P.3d at 119; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). "'Where compliance with the [California] Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.'" Mangold, 67 F.3d at 1477 (quoting Snipes v. City of Bakersfield, 15 Cal.App.3d 861, 193 Cal.Rptr. 760, 762 (Cal.App. 1983). "Complaints that do not allege any facts demonstrating that a tort claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Shirk, 164 P.3d at 634.

Defendant argues that Plaintiff did not comply with the CTCA with respect to his claim against defendant Sweetland for medical malpractice, because Plaintiff did not plead in the Complaint for this action that he complied with the government tort claim requirement, and Plaintiff

did not file a government tort claim concerning the alleged events of professional negligence by Dr. Sweetland. Defendant submits evidence that Plaintiff has filed only two claims with California's Victims Compensation and Government Claims Board ("the Board"), Claim Numbers G 561906 and G 591568. (Declaration of James Reinmiller ("Reinmiller Decl."), Doc. 84-3 at ¶2.) Claim Number G 561906 concerns a claim that arose on May 4, 2010, at Pleasant Valley State Prison. (Exh. D to Motion, Doc. 84-4.) Claim Number G 591568 concerns Plaintiff's claim that he did not receive proper medical care for a rat bite he suffered on April 23, 2004; however, the Board refused to consider the claim because it was not filed in accordance with the applicable statutory requirements. (Exh. E to Motion, Doc, 84-5.)

In opposition, Plaintiff contends that he filed tort claims in this action for incidents occurring on April 23, 2004 [G561906] and May 4, 2010 [G591568]. As evidence, Plaintiff submits a copy of a letter he wrote to the Board, dated May 23, 2011, requesting information about "numerous tort claims" he filed. (Opp'n, Doc. 89, Exh. C.)

**Discussion**

Plaintiff does not claim in his original Complaint or Amended Complaint that he presented a tort claim, or that compliance with the claims statute is excused. Defendant's evidence demonstrates that Plaintiff failed to submit a timely claim resulting in action on, or rejection of, the claim. The only claim submitted by Plaintiff concerning Plaintiff's medical care at SCC, Claim Number G 591568, was rejected by the Board as incomplete, and Plaintiff has not argued that his compliance is excused. (Exh. E to Motion, Doc. 84-4 at 4.) Therefore, Defendant's motion to dismiss Plaintiff's medical malpractice claim against defendant Sweetland shall be granted for failure to state a claim, based on Plaintiff's failure to comply with California's Tort Claims Act.

**V.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant also brings a motion to dismiss this action under Rule 12(b)(6) based on Plaintiff's failure to state a claim. Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

11

conclusory statements, do not suffice." Id. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted). Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949, 1950 (citing Twombly, 550 U.S. at 556, 570) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

### A.     Parties' Positions

Defendant argues that Plaintiff's allegations affirmatively establish that Dr. Sweetland was not deliberately indifferent to Plaintiff. Plaintiff admits that Dr. Sweetland interviewed Plaintiff, ordered diagnostic tests, and prescribed seven medications for him. (Amd. Cmpl. at 4.) Defendant argues that Plaintiff's contention that Dr. Sweetland's treatment was inadequate is merely a difference between Plaintiff's own lay opinion and the expert opinion of a physician. Defendant argues that Plaintiff's allegation that Dr. Sweetland was "experimenting and guessing what would work best for whatever disease pops into his mind" amounts to, at the most, negligence, and does not allege that Sweetland maliciously refused to treat Plaintiff or intentionally harmed him. Id.

In opposition, Plaintiff argues that Defendant's motion to dismiss should be denied because Defendant should not be allowed to continue to cause pain and suffering to Plaintiff by not permitting this matter to go forward.

///

**B.     Eighth Amendment Medical Claim - Legal Standard**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

///

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

**C.     Discussion**

Under the PLRA, the Court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Given the requirements of the PLRA, the Court is ordinarily disinclined to view with favor a subsequent motion seeking dismissal for failure to state a claim. In this case, the screening function was performed by the Court and an order was issued on November 21, 2008, finding that Plaintiff sufficiently stated a cognizable claim for relief against defendant Sweetland for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment. (Doc. 21.) However, on May 18, 2009, the United States Supreme Court issued its decision in Iqbal, signaling a significant departure from prior cases holding that a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009). Accordingly, in light of Iqbal, the Court shall exercise its screening authority and sua sponte re-screen the claims against defendant Sweetland in Plaintiff's Amended Complaint. In light of the stricter standard being utilized, the Court recommends that Plaintiff be granted leave to amend.

Plaintiff's allegations in the Amended Complaint establish that on April 23, 2004, while incarcerated at Avenal State Prison, he was bitten on the hand by a mouse or rat, injuring his leg and causing his right hand to bleed and become swollen. Plaintiff notified prison officials but was refused medical assistance. On May 8, 2004, Plaintiff was given an EKG, but the doctor refused to treat Plaintiff despite his complaints of pain, suffering, and swellings. On December 23, 2005, while incarcerated at Sierra Conservation Center, Plaintiff saw a doctor and expressed concern about

possible disease he could have contracted as a result of the mouse/rat bite. The doctor ordered skull x-rays and prescribed Ibuprofen and Prilosec, but nothing was done to relieve Plaintiff's swelling or pain. On June 2, 2006, Plaintiff saw Dr. Sweetland and was interviewed about the mouse/rat bite. Dr. Sweetland prescribed several medications for Plaintiff, such as Doxycyline, Toradol, Methcabamol, Naprezen, Hydroxychloroquin, Prilosec, and Prednisone, without making any diagnosis. Plaintiff states that Dr. Sweetland experimented and guessed what would work best for whatever disease popped into his mind that Plaintiff may have contracted. Later, Dr. Sweetland ordered a blood panel to determine what Plaintiff came into contact with when he was bitten. The medications prescribed by Dr. Sweetland did not relieve Plaintiff's continuing severe pain and suffering, but no further steps were taken.

These facts do not support a claim that Dr. Sweetland "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health. . . ." Farmer, 511 U.S. at 837. Plaintiff has not made factual allegations demonstrating that Dr. Sweetland acted indifferently to a known risk of harm to Plaintiff. Plaintiff has not shown that Dr. Sweetland deliberately acted or failed to act when treating Plaintiff, knowing that Plaintiff was at a substantial risk of serious harm, with harm caused to Plaintiff as a result of Dr. Sweetland's acts. Plaintiff alleges that Dr. Sweetland interviewed him about the mouse/rat bite, prescribed medications, and ordered tests. Plaintiff's allegations that the doctor tried different medications before a diagnosis was made, or that the medications were ineffective, do not show that the doctor was indifferent to a risk of harm to Plaintiff. Accordingly, Plaintiff fails to state a claim for deliberate indifference under the Eighth Amendment against Dr. Sweetland, and Defendant's motion to dismiss under Rule 12(b)(6) shall be granted, with leave to amend.

## VI.    CONCLUSION AND RECOMMENDATIONS

The Court finds that Defendant is not entitled to dismissal of the Eighth Amendment claim against him for failure to exhaust administrative remedies, but Defendant is entitled to dismissal of the medical malpractice claim against him for failure to comply with California's Tort Claims Act.

Further, based on the Court's sua sponte re-screening of the Amended Complaint, the Court finds that Plaintiff fails to state a claim against defendant Sweetland for violation of the Eighth Amendment. Although the Court believes it is unlikely that Plaintiff will be able to cure the

15

deficiencies in his claims against defendant Sweetland, in light of the pleading standard changes, the Court recommends Plaintiff be granted one final opportunity to amend. Moss, 572 F.3d at 972.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant Sweetland's motion to dismiss, filed January 6, 2011, be GRANTED IN PART and DENIED IN PART, with leave to amend, as follows:

   a. Defendant's motion to dismiss the claims against him for failure to exhaust remedies be DENIED;

   b. Defendant's motion to dismiss the medical malpractice claim against him for failure to comply with California's Tort Claims Act be GRANTED; and

   c. Defendant's motion to dismiss the Eighth Amendment claim against him for failure to state a claim be GRANTED, with leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     August 3, 2011            /s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE