IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAESHACK, | 1:06-cv-00011-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | (Doc. 91.) |
| AVENAL STATE PRISON, et al., | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SWEETLAND'S MOTION TO DISMISS, WITH LEAVE TO AMEND |
| Defendants. | (Doc. 84.) |
| | ORDER STRIKING SECOND AMENDED COMPLAINT LODGED ON SEPTEMBER 14, 2011 |
| | (Doc. 96.) |
| | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER |

Robert Maeshack ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 4, 2011, findings and recommendations were entered, recommending that defendant Sweetland's motion to dismiss, filed on January 6, 2011, be granted in part and denied in part, with leave to amend. (Doc. 91.) On September 14, 2011, Plaintiff filed objections and lodged a Second Amended Complaint. (Doc. 94.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

The Magistrate Judge recommended, in part, that Plaintiff's malpractice claim against defendant Dr. Sweetland be dismissed because Plaintiff failed to file a timely claim concerning his claims against Dr. Sweetland pursuant to California's Tort Claims Act ("CTCA").  The CTCA requires that a claim be presented "no more than six months after the cause of action accrues" and presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  In his objections, Plaintiff argues that Claim #G561906 was filed timely and concerned his claims against Dr. Sweetland. Plaintiff argues that this claim, filed against "Avenal State Prison, et al." on July 11, 2006, included his claims against Dr. Sweetland because Plaintiff's pain and suffering was caused by medical neglect by "[t]he same intity (*sic*) CDC medical doctors."  (Objections, Doc. 94 at 2:11-15.)  Plaintiff's evidence shows that his claim dated July 11, 2006 was filed against Avenal State Prison, et al., for an incident occurring on April 23, 2004, (Objections, Doc. 94 at 17), and Defendant's uncontested evidence shows that the claim was rejected as untimely because it was filed more than one year from the date of the incident, (Exhibit E, Doc. 84-5 at 4).  The Court finds no evidence on the face of Plaintiff's claim that it was meant to include any claims against Dr. Sweetland.  Dr. Sweetland worked at the Sierra Conservation Center, not Avenal State Prison, and first saw Plaintiff on June 2, 2006, more than two years after the date of incident in the claim. (Amended Complaint, Doc. 17 at 4.) Plaintiff's argument based on the fact that Avenal State Prison and Dr. Sweetland both have connections to the California Department of Corrections is unavailing.

Plaintiff also argues that Claim #G561906 concerned Dr. Sweetland because two of Plaintiff's other actions, cases #1:06-cv-0065 and #1:06-cv-1025, were consolidated by the Court on September 13, 2006.  This argument is without basis.  The fact that two of Plaintiff's other cases were consolidated is not relevant to the issues before the Court.  Plaintiff's objections are overruled.

1    Plaintiff lodged a Second Amended Complaint on September 14, 2011.  (Doc. 96.).  Plaintiff
2 did not have leave to amend the complaint on September 14, 2011.  Therefore, the lodged Second
3 Amended Complaint shall be stricken from the record.
4    Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely
5 given when justice so requires.'"  Dr. Sweetland is the only defendant remaining in this action.  The
6 Court will provide Plaintiff with thirty days to file a Second Amended Complaint curing the
7 deficiencies in his Eighth Amendment medical care claim against defendant Dr. Sweetland.  Lopez
8 v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000).
9    The amended complaint should be brief, but must state what Dr. Sweetland did that led to the
10 deprivation of Plaintiff's constitutional rights.  Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49;
11 Jones, 297 F.3d at 934.   Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is
12 plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also
13 demonstrate that defendant Dr. Sweetland *personally* participated in the deprivation of his rights.
14 Jones, 297 F.3d at 934 (emphasis added).   Plaintiff should refer to the findings and
15 recommendations for guidance in stating a cognizable Eighth Amendment claim for deliberate
16 indifference.
17    Plaintiff should note that although he has been given the opportunity to amend, it is not for
18 the purposes of amending any claims except the Eighth Amendment medical care claim against Dr.
19 Sweetland.  Plaintiff may not add new defendants or unrelated claims.  In addition, Plaintiff should
20 take care to include only those claims against Dr. Sweetland for which he has exhausted his
21 administrative remedies.
22    Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be
23 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
24 supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an
25 amended complaint is filed, the original complaint no longer serves any function in the case.
26 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of
27 each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly
28

3

titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on August 4, 2011, are adopted in full;

2. Defendant Sweetland's motion to dismiss, filed January 6, 2011, is GRANTED IN PART and DENIED IN PART, with leave to amend, as follows:

   a. Defendant's motion to dismiss the claims against defendant Sweetland for failure to exhaust remedies is DENIED;

   b. Defendant's motion to dismiss the medical malpractice claim against defendant Sweetland for failure to comply with California's Tort Claims Act is GRANTED, without leave to amend; and

   c. Defendant's motion to dismiss the Eighth Amendment claim against defendant Sweetland for failure to state a claim is GRANTED, with leave to amend;

3. The Second Amended Complaint lodged on September 14, 2011, is STRICKEN;

4. The Clerk shall send Plaintiff a § 1983 complaint form;

5. Within thirty days of the date of service of this order, Plaintiff shall file a Second Amended Complaint, curing the deficiencies in his Eighth Amendment medical care claim against Dr. Sweetland, as instructed by this order;

6. Plaintiff shall entitle the amended complaint "Second Amended Complaint" and refer to case number 1:06-cv-00011-AWI-GSA-PC; and

///
///
///
///
///

4

7.  If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted..

IT IS SO ORDERED.

Dated:   December 23, 2011

CHIEF UNITED STATES DISTRICT JUDGE

5