# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAESHACK, | 1:06-cv-00011-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| AVENAL STATE PRISON, et al., | (Doc. 100.) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I. BACKGROUND

Robert Maeshack ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 22, 2005. (Doc. 1.) On October 25, 2011, Plaintiff filed a motion for a preliminary injunction and a temporary restraining order. (Doc. 100.) Plaintiff's motion is now before the Court.

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An

1

1  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376
2  (citation omitted) (emphasis added).

3  Federal courts are courts of limited jurisdiction and in considering a request for preliminary
4  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before
5  it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,
6  1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
7  454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or
8  controversy before it, it has no power to hear the matter in question. Id. Requests for prospective
9  relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which
10 requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary
11 to correct the violation of the Federal right, and is the least intrusive means necessary to correct the
12 violation of the Federal right."

13 Plaintiff has requested a court order compelling prison officials at California Medical Facility
14 ("CMF") in Vacaville, California to drop false charges against him for battery on an inmate and
15 release him from administrative segregation into the general population, and enjoining prison
16 officials from approaching him, taking his property, returning him to administrative segregation, or
17 transferring him, unless to another institutional medical facility. However, the order requested by
18 Plaintiff would not remedy any of the claims upon which this action proceeds. This action is
19 proceeding only against defendant Dr. Sweetland based on events occurring at Avenal State Prison
20 in 2004 when Plaintiff was incarcerated there. Plaintiff is now incarcerated at CMF and requests a
21 court order compelling prison officials there to act or refrain from acting. Because such an order
22 would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction
23 to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

24 Moreover, "[A] federal court may [only] issue an injunction if it has personal jurisdiction
25 over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the*
26 *rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719,
27 727 (9th Cir. 1985) (emphasis added). Because prison officials at CMF are not defendants in
28 ///

1  Plaintiff's lawsuit, the Court does not have jurisdiction to issue an order in this action compelling
2  them to act or refrain from acting pursuant to Plaintiff's motion.

3  III.    **CONCLUSION AND RECOMMENDATIONS**

4       Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for
5  preliminary injunctive relief, filed on October 25, 2011, be DENIED.

6       These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
8  after being served with these findings and recommendations, Plaintiff may file written objections
9  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
10 and Recommendations."  Plaintiff is advised that failure to file objections within the specified time
11 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
12 1991).

14       IT IS SO ORDERED.

15       Dated:   **July 16, 2012**          /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

3