# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

ROBERT MAESHACK,

            Plaintiff,

     v.

AVENAL STATE PRISON, et al.,

            Defendants.

_____/

1:06-cv-00011-AWI-GSA-PC

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM CLAIM REQUIREMENTS
(Doc. 99.)

## I.     RELEVANT PROCEDURAL HISTORY

Robert Maeshack ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 22, 2005. (Doc. 1.)  On March 16, 2007, Plaintiff filed the First Amended Complaint. (Doc. 17.)  The Court screened the First Amended Complaint pursuant to 28 U.S.C. 1915A and entered an order on November 21, 2008, requiring Plaintiff to either file a Second Amended Complaint or notify the Court of his willingness to proceed on the claims found cognizable by the Court.  (Doc. 21.)  On December 15, 2008, Plaintiff filed written notice to the Court that he was willing to proceed only on the claims found cognizable by the Court, against defendants Harbinson, Dr. Weed, McIntyre and Dr. Sweetland, on his Eighth Amendment medical care claim and his state law medical malpractice claim.  (Doc. 22.)

///

1

1        On April 28, 2009, defendant Weed filed a motion to dismiss the claims against him based on

2  res judicata, and on March 9, 2010, the Court granted the motion, dismissing defendant Weed from this

3  action, with prejudice.  (Docs. 36, 65.)

4        On May 6, 2009, defendants McIntyre and Harbinson filed a motion to dismiss the claims against

5  them based on res judicata, and on March 9, 2010, the Court granted the motion, dismissing defendants

6  McIntyre and Harbinson from this action, with prejudice.  (Docs. 38, 66.)

7        On January 6, 2011, defendant Sweetland filed a motion to dismiss this action for Plaintiff's

8  failure to comply with the California Tort Claims Act ("CTCA"),[1] failure to exhaust administrative

9  remedies, and failure to state a claim.  (Doc. 84.)  On October 3, 2011, Plaintiff filed a motion for relief

10  from the claim requirements of the CTCA.  (Doc. 99.)  On December 27, 2011, the Court denied

11  defendant Sweetland's motion to dismiss for failure to exhaust remedies; granted the motion to dismiss

12  the medical malpractice claims for failure to comply with the CTCA, without leave to amend; and

13  granted the motion to dismiss for failure to state a claim, with leave to amend.  (Doc. 106.)  On January

14  11, 2012, Plaintiff filed the Second Amended Complaint upon which this action now proceeds.  (Doc.

15  108.)

16        Plaintiff's motion for relief from the claim requirements of the CTCA is now before the Court.

17  **II.**     **CALIFORNIA TORT CLAIMS ACT**

18        The CTCA requires that a tort claim against a public entity or its employees be presented to the

19  California Victim Compensation and Government Claims Board ("CVCGCB") no more than six months

20  after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011).

21  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.

22  Shirk v. Vista Unified Sch. Dist., 164 P.3d 630, 634 (Cal. 2007); State v. Superior Court of Kings

23  County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.,

24  237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477

25

26    [1]The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act.  However,

27  given that the federal government has also enacted a Tort Claims Act,  28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

1   (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with

2   the Tort Claims Act.  Shirk, 164 P.3d at 634; Bodde, 90 P.3d at 119; Mangold, 67 F.3d at 1477; Karim-

3   Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  "'Where compliance with the

4   [California] Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing

5   compliance, or the complaint is subject to general demurrer.'" Mangold, 67 F.3d at 1477 (quoting Snipes

6   v. City of Bakersfield, 15 Cal.App.3d 861, 193 Cal.Rptr. 760, 762 (Cal.App. 1983).  "Complaints that

7   do not allege any facts demonstrating that a tort claim was timely presented or that compliance with the

8   claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute

9   a cause of action."  Shirk, 164 P.3d at 634.

10        Under California Government Code § 946.6, a would-be claimant may petition a court for an

11   order relieving the petitioner from the requirement of § 945.4 to present a timely claim to the CVCGCB.

12   Section 946.6 requires the petition to "show each of the following:  (1) That application was made to

13   the board under Section 911.4 and was denied or deemed denied.  (2) The reason for failure to present

14   the claim within the time limit specified in Section 911.2.  (3) The information required by Section 910."

15   Cal. Gov't Code § 946.6(b).

16        Plaintiff requests the Court to excuse him from the requirements of the CTCA to file a timely

17   tort claim against Dr. Sweetland before bringing suit in federal court.

18   **III.    DISCUSSION**

19        The Ninth Circuit has not decided whether a federal court, rather than a state court, has

20   jurisdiction to rule on a petition for leave to file a late claim, and there is a split of authority among

21   California's district courts.  See Hill v. City of Clovis, 2012 WL 787609, *12 (E.D.Cal Mar. 9, 2012);

22   Walker v. California Dept. of Corrections, 2012 WL 591954, *9+ (E.D.Cal. Feb. 22, 2012); Rahimi v.

23   National R.R. Passenger Corp. (Amtrak), 2009 WL 1883756, *4 (N.D.Cal. June 30, 2009);  Perez v.

24   Escondido, 165 F.Supp.2d 1111, 1115 (S.D.Cal.2001); Luers v. Smith, 941 F.Supp. 105, 107-108

25   (C.D.Cal. 1996).

26        Plaintiff has not provided any information in his motion showing that he made an application to

27   the CVCGCB that was denied or deemed denied, or explaining the reason for his failure to present a

28

1    timely claim.  Thus, assuming arguendo that this Court has jurisdiction to decide Plaintiff's motion, the

2    motion must be denied for failure to comply with the requirements of § 946.6.  Assuming arguendo that

3    this Court lacks jurisdiction to decide Plaintiff's motion, the motion must be denied on jurisdictional

4    grounds.

5    **IV.**      **CONCLUSION**

6            For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for relief from the

7    claim requirements of the CTCA, filed on October 3, 2011, is DENIED.

8

9            IT IS SO ORDERED.

10       **Dated:    July 16, 2012**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                    4