**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAESHACK, | 1:06-cv-00011-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT SWEETLAND'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BE GRANTED, DISMISSING THIS ACTION (Doc. 84.) |
| v. | |
| AVENAL STATE PRISON, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |
| _____ / | |

**I.   RELEVANT PROCEDURAL HISTORY**

Robert Maeshack ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action at the United States District Court for the Eastern District of California, Sacramento Division, on December 22, 2005. (Doc. 1.) On January 5, 2006, the case was transferred to the Fresno Division of the Eastern District of California. (Doc. 5.)

The Court screened the Complaint pursuant to 28 U.S.C. 1915 and issued an order on February 20, 2007, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 15.) On March 16, 2007, Plaintiff filed the First Amended Complaint. (Doc. 17.)

On November 21, 2008, the Court found that Plaintiff sufficiently stated a cognizable claim for relief in the First Amended Complaint against defendant Sweetland for deliberate indifference

1

to Plaintiff's serious medical needs, in violation of the Eighth Amendment. (Doc. 21.) On January 26, 2011, Defendant filed a motion to dismiss the First Amended Complaint for failure to state a claim. (Doc. 84.) In consideration of the motion to dismiss, the Court re-screened the First Amended Complaint in light of Iqbal and found that Plaintiff failed to state a claim. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). Accordingly, the Court issued an order on December 27, 2011, granting Defendant's motion to dismiss the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 106.) Plaintiff filed the Second Amended Complaint on January 11, 2012. (Doc. 108.)

On March 3, 2012, Defendant filed a motion to dismiss the Second Amended Complaint for failure to state a claim. (Doc. 117.) On May 4, 2012, Plaintiff filed an opposition to the motion. (Doc. 119.) Defendant's motion to dismiss is now before the Court.

**II.     SUMMARY OF THE SECOND AMENDED COMPLAINT**

Plaintiff was a state prisoner at Avenal State Prison ("ASP") in Avenal, California, and Sierra Conservation Center ("SCC") in Jamestown, California, during the time of the events at issue, and Dr. Sweetland was a physician employed at SCC while Plaintiff was incarcerated there. Plaintiff alleges as follows in the Second Amended Complaint.

On April 23, 2004, while housed in administrative segregation at ASP, Plaintiff was bitten by a rat and became sick soon afterward.

In 2005 Plaintiff was transferred to SCC, where he was interviewed by Dr. Sweetland about the rat bite, the pain he was suffering as a result, and possible disease. On multiple occasions, Dr. Sweetland ordered medications for Plaintiff without any basis and without performing tests or making a diagnosis. "Dr. Sweetland was guessing what would work best for whatever disease came to his mind." Second Amd Cmp at 3 ¶IV. Dr. Sweetland ordered Plaintiff to take Doxycyline from June 6, 2006 to July 14, 2006, Toradol from June 2, 2006 to June 7, 2006, Methocabamol from July 24, 2006 to August 24, 2006, Naprazen from July 25, 2006 to August 24, 2006, Hydroxychloroquin from August 2, 2006 to October 31, 2006, Prilosec from August 2, 2006 to October 31, 2006, and Prednisone. The medications made Plaintiff sicker and he began to have bad head and neck pains, more chest, back, spine, and hip pains, as well as swellings to his body and tongue. Dr. Sweetland

did not know what to do about Plaintiff's medical condition. The treatment was "grossly unacceptable, his failure to diagnose, negligence, refusal, delays, indifference to [Plaintiff's] serious medical need." Second Amd Cmp at 4. Plaintiff suffers from "nerve damage which shocks my body throughout the day and night, total joint pain & swellings, leggs [*sic*], feet and hand pains along with numbness." Id. Due to Dr. Sweetland's neglect, Plaintiff loses sleep, cannot sit for longer than twenty minutes, and has difficulty standing, because of the pain he suffers. Dr. Sweetland was not competent to deal with Plaintiff's illnesses or diagnose his serious medical condition.

Plaintiff seeks declaratory relief and damages.

**III.    EIGHTH AMENDMENT MEDICAL CLAIM**

Plaintiff claims that Dr. Sweetland failed to provide him with adequate medical treatment, in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

///

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

## IV.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant seeks to dismiss this action on the ground that Plaintiff fails to state a claim under Rule 12(b)(6) for inadequate medical care under the Eighth Amendment. Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Iqbal, 129 S.Ct. at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted). Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a

///

motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949, 1950 (citing Twombly, 550 U.S. at 556, 570) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

### A.     **Defendant's Position**

Defendant contends that the Second Amended Complaint raises the same allegations that the Court previously found failed to state a claim in the First Amended Complaint, but with added description of the pain and suffering Plaintiff endures as a result of his injuries. The Court's previous order found that the First Amended Complaint contained insufficient factual allegations to conclude that Dr. Sweetland was deliberately indifferent to Plaintiff. Doc. 91 at 15:11-21. Defendant argues that Plaintiff's allegations – that Dr. Sweetland's treatment did not improve Plaintiff's condition and that Plaintiff was dissatisfied with the treatment – do not support a finding of deliberate indifference, but rather of negligence. Defendant argues that Plaintiff's theory that Dr. Sweetland was incompetent to provide adequate care precludes the conclusion that Dr. Sweetland willfully disregarded Plaintiff's suffering. Defendant also argues that Plaintiff's allegation that Dr. Sweetland provided various courses of treatment that he thought "would work best" contradicts the conclusion that Dr. Sweetland was indifferent to Plaintiff.

### B.     **Plaintiff's Position**

In opposition, Plaintiff contends that Defendant admitted to negligence in his introduction to the motion to dismiss on Line 19. Plaintiff maintains that negligence "means carelessness, inconsideration, neglect, disregard, [and] indifference which all leads the Eighth Amendment claim and constitute[s] cruel and unusual punishment." Opp'n, Doc. 3:19-24. Plaintiff alleges that Dr.

Sweetland disregarded the unnecessary pain Plaintiff suffered, and that he was fully aware of Plaintiff's severe medical condition but "chose to disregard the excessive risk to plaintiff's health and safety." Opp'n at 4:6-7. Plaintiff argues that Defendant's statement that Dr. Sweetland's treatment was ineffectual, unsuccessful, and amounts to negligence shows that Dr. Sweetland was deliberately indifferent.

Plaintiff also contends that Defendant admitted in the motion to dismiss that Plaintiff had a serious medical need, on page 5 lines 8-9.

### C. Discussion

Plaintiff alleges in the Second Amended Complaint that he suffered lingering pain months after being bitten by a rat, and as his treatment progressed, he began suffering bad head and neck pains, more chest, back, spine, and hip pains, and swellings to his body and tongue. Plaintiff alleges that even now, he suffers from numbness and pain which causes him to lose sleep, to have difficulty standing, and to be unable to sit for longer than twenty minutes. Based on these allegations, the Court finds that Plaintiff has shown he had a serious medical need.

However, Plaintiff's factual allegations do not support a claim that Defendant was deliberately indifferent. Plaintiff's conclusory language that Dr. Sweetland was "indifferen[t] to my serious medical need" is not sufficient. Second Amd Cmp at 4. Plaintiff has not shown that Dr. Sweetland "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health. . . .," Farmer, 511 U.S. at 837. Plaintiff alleges that Dr. Sweetland did not know what to do about his medical condition and ordered one medication after another in an effort to treat his symptoms. These facts do not demonstrate that Dr. Sweetland disregarded or was indifferent to Plaintiff's symptoms. On the contrary, Plaintiff's allegations show that Defendant made numerous attempts to treat Plaintiff. At most, Plaintiff's allegations support a claim for negligence, which is insufficient to establish a constitutional violation. Toguchi, 391 F.3d at 1060. Therefore, Defendant's motion to dismiss should be granted.

### VI. CONCLUSION AND RECOMMENDATIONS

The Court finds that Defendant is entitled to dismissal of the Eighth Amendment medical claim against him, under Rule 12(b)(6), based on Plaintiff's failure to state a claim under § 1983.

Accordingly, it is HEREBY RECOMMENDED that defendant Sweetland's motion to dismiss for failure to state a claim, filed on March 9, 2012, be GRANTED, dismissing this action in its entirety with prejudice, and that the dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     September 25, 2012**                    /s/ Gary S. Austin
                                                       UNITED STATES MAGISTRATE JUDGE