# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAESHACK, | 1:06-cv-00011-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED |
| v. | |
| AVENAL STATE PRISON, et al., | (Doc. 118.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 20 DAYS |

**I. BACKGROUND**

Robert Maeshack ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 22, 2005. (Doc. 1.) This action now proceeds on the Second Amended Complaint, filed on January 11, 2012, against defendant Dr. Sweetland ("Defendant"), for inadequate medical care in violation of the Eighth Amendment. (Doc. 108.)

On March 19, 2012, Plaintiff filed a motion for default judgment against Defendant. (Doc. 118.)

**II. ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule

1

12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

### III.  DISCUSSION

In his motion, Plaintiff first argues that Defendant Sweetland has not filed an answer or other defense against the First Amended Complaint since Defendant was served. The record in this action shows otherwise. On October 21, 2010, Defendant was personally served with a summons and copy of the First Amended Complaint by the United States Marshal. (Doc. 79.) Defendant requested and was granted two extensions of time to file a response to the First Amended Complaint. (Docs. 80, 81, 82, 83.) On January 6, 2011, Plaintiff filed a motion to dismiss. (Doc. 84.) Based on this record, there is no evidence that Defendant failed to plead or otherwise defend against the First Amended Complaint, and Plaintiff is not entitled to entry of judgment or default judgment against Defendant on this ground.

Next, Plaintiff argues that he is entitled to default judgment against defendant Sweetland because Defendant has not filed a response to the Second Amended Complaint, as ordered by the Court on February 10, 2012. Again, the record in this action clearly shows otherwise. On February 10, 2012, the Court issued an order requiring Defendant Sweetland to file a response to the Second Amended Complaint within thirty days. (Doc. 114.) On March 9, 2012, Defendant timely filed a motion to dismiss. (Doc. 117.) This evidence shows that Defendant timely responded to the Second Amended Complaint, as ordered by the Court. Therefore, Plaintiff is not entitled to entry of default or default judgment against Defendant on this ground.

Plaintiff is advised that Defendant's failure, to date, to file an answer in this action does not entitle Plaintiff to entry of default or default judgment. Under Rule 55, default or default judgment may be entered if a defendant "fails to plead *or otherwise defend*." Fed. R. Civ. P. 55 (emphasis

added). The filing of two motions to dismiss is evidence that Defendant has defended in this action, precluding entry of default or default judgment under Rule 55.

### IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for default judgment, filed on March 19, 2012, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **TWENTY (20) DAYS** after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **November 28, 2012**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE